UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLACK RAPID, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>v.<br><br>YALL INC., a New York corporation,<br><br>    Defendant. | No. C11-2137Z<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff's response to the Minute Order entered May 1, 2012, docket no. 13, and subjoined motion for entry of a permanent injunction, docket no. 14. Plaintiff Black Rapid, Inc. previously moved for entry of default against defendant Yall Inc., which is a New York corporation with its principal place of business in Brooklyn, NY. Being unpersuaded that plaintiff had properly served defendant, the Court denied plaintiff's motion for entry of default and directed plaintiff to show cause why this action should not be dismissed without prejudice or alternatively transferred to the Eastern District of New York for both lack of personal jurisdiction over defendant and improper venue. *See* Minute Order (docket no. 13).

ORDER  -1

In response, plaintiff has indicated that the parties have reached a settlement pursuant to which plaintiff has agreed to dismiss all of its claims with prejudice.  *See* Byer Decl. at Ex. A ¶ 5(b) (docket no. 15).  *But see* Proposed Order at ¶ 2 (docket no. 14-1) (reflecting a dismissal *without* prejudice).  In the Settlement Agreement, defendant "consents" to this Court's subject-matter and personal jurisdiction, but to date, defendant has not appeared in this action.[1]  *Id.* at ¶ 5(a).  *But see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("The parties have no power to confer [subject-matter] jurisdiction on the district court by agreement or consent.").  The Settlement Agreement further reflects that defendant sold less than 100 "Accused Products," generating less than $1,000 in revenue, and that defendant has "no remaining inventory of the Accused Product."  Byer Decl. at Ex. A ¶ 6 (docket no. 15).  In the Settlement Agreement, defendant agrees that, until the expiration of the "Patents-in-Suit," it will "cease all activities relating to the Accused Products or otherwise infringing the Patents-in-Suit, including but not limited to making, using, selling, offering to sell, or assisting or encouraging any third-parties to market or sell the Accused Products."  *Id.* at ¶ 4.

In light of the parties' settlement, the Court declines to enter plaintiffs' proposed permanent injunction.  Whether to grant or deny permanent injunctive relief "rests within the equitable discretion of the district courts."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006).  A permanent injunction does not necessarily follow from a determination that a patent has been infringed.  *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1379 (Fed. Cir. 2008).  Rather, a patent-infringement plaintiff seeking a permanent injunction must

---

[1] In connection with plaintiff's motion for entry of a permanent injunction, plaintiff has provided a declaration from Paul A. Goldberger, an attorney who is not admitted to the Bar of this Court and who has not been granted pro hac vice status.  In his declaration, Mr. Goldberger indicates that defendant does not intend to retain local counsel or resist entry of an injunction.  Goldberger Decl. at ¶ 2 (docket no. 16).  The Court does not accept Mr. Goldberger's declaration as a representation on behalf of defendant.  Because defendant is a corporation, it may not appear pro se, and Mr. Goldberger is not authorized to appear as an attorney in this Court.  *See* Local Rule GR 2(g)(4); *see also* Local Rule GR 2(d).

ORDER  -2

demonstrate: (i) it has suffered an irreparable injury; (ii) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (iii) considering the balance of hardships between the parties, a remedy in equity is warranted; and (iv) the public interest would not be disserved by a permanent injunction. *eBay*, 547 U.S. at 391. Given the warranties and covenants set forth in the Settlement Agreement, including the representation that defendant has no remaining inventory of Accused Products and that defendant agrees not to engage in any infringing activities, the Court is satisfied that plaintiff has not and cannot establish the irreparable injury necessary to warrant a permanent injunction. *See, e.g.*, *Accentra Inc. v. Staples, Inc.*, -- F. Supp. 2d --, 2011 WL 7563039 at *27-*30 (C.D. Cal. Dec. 19, 2011) (refusing to grant a permanent injunction, finding "very little risk" of continued infringement).

The Court also has serious doubts about whether venue is proper and, for this additional reason, is reluctant to enter any injunction or judgment in this case. *See* 28 U.S.C. § 1400(b) (action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business"); *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 790 n.9 (9th Cir. 1977) (indicating that the patent venue statute is "mandatory and exclusive," and would have warranted dismissal of the action even if personal jurisdiction over defendant existed). The Court therefore ORDERS as follows:

(1) Plaintiff's motion for entry of a permanent injunction, docket no. 14, is DENIED; and

(2) The parties having entered into a settlement of the claims in this matter, and no issue remaining for the Court's determination, this case is DISMISSED with prejudice and without costs.

IT IS SO ORDERED.

1  The Clerk is directed to send a copy of this Order to all counsel of record and to Paul
2  Goldberger, Goldberger & Dubin PC, at 401 Broadway, Suite 306, New York NY 10013.
3  DATED this 14th day of June, 2012.

Thomas S. Zilly
United States District Judge

ORDER -4